958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathanial TURNER, Jr., Plaintiff-Appellant,
v.
Lloyd BUCKMASTER, Defendant-Appellee.
 No. 90-15855.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided March 25, 1992.
 
 1
 Before TANG and NOONAN, Circuit Judges, and SHUBB, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Nathanial Turner, Jr., an Arizona prisoner, filed a 42 U.S.C. § 1983 action against a prison physician's assistant. The Arizona State Department of Corrections employs the physician's assistant, Lloyd Buckmaster. Turner alleged that Buckmaster maliciously and with deliberate indifference to Turner's medical needs required Turner to shave his face in preparation for a medical examination. The district court granted summary judgment to Buckmaster. We affirm.
 
 DISCUSSION
 
 4
 A. Turner's Burden in Opposing Summary Judgment[1]
 
 
 5
 In opposing Buckmaster's motion for summary judgment, Turner could not rest on his pleadings, but was obligated to "set forth specific facts showing that there [was] a genuine issue for trial." Fed.R.Civ.P. 56(e). Moreover, Turner was obligated to " 'make a showing sufficient to establish the existence of an element essential' " to his claim. Shaw v. Lindheim, 919 F.2d 1353, 1359 (9th Cir.1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Thus, to withstand Buckmaster's motion for summary judgment, Turner must have produced evidence for each element of his claim sufficient for a jury verdict in his favor. Id. Upon de novo review, see id. at 1355, we conclude that Turner failed to meet his evidentiary burden for two essential elements of his claim.
 
 B. The Elements of Turner's Claim
 
 6
 The Supreme Court explained the elements of Turner's claim in Estelle v. Gamble, 429 U.S. 97 (1976): "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id. at 104 (citation omitted). In this Circuit, deliberate indifference "requires a finding of some degree of 'individual culpability,' but does not require an express intent to punish." Redman v. County of San Diego, 942 F.2d 1435, 1442 (9th Cir.1991) (en banc) (quotation omitted), cert. denied, 112 S.Ct. 972 (1992). Evidence of deliberate indifference is crucial here because, as the Supreme Court recently emphasized, "Eighth Amendment claims based on official conduct that does not purport to be the penalty formally imposed for a crime require inquiry into state of mind." Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991).
 
 
 7
 In describing serious medical needs, the Supreme Court has noted both "less serious cases" where inadequate medical care resulted in "pain and suffering which no one suggests would serve any penological purpose," as well as "the worst cases" resulting in "torture or a lingering death." Estelle, 429 U.S. at 103 (citations omitted); see also Wood v. Housewright, 900 F.2d 1332, 1334-35 (9th Cir.1990) (extensive discussion of elements of prisoner's § 1983 claim for deliberate indifference to medical needs). The Supreme Court further qualified the meaning of "serious medical need" as describing a "serious illness or injury." Estelle, 429 U.S. at 105.
 
 
 8
 Therefore, in order to survive defendant's summary judgment motion, Turner must have offered some evidence of Buckmaster's deliberate indifference to Turner's serious medical needs resulting in at least his pain and suffering. We affirm the district court's grant of summary judgment because Turner failed to evidence sufficiently either deliberate indifference or a serious medical need.
 
 
 9
 C. The Elements of Serious Medical Need and Deliberate Indifference
 
 
 10
 Turner alleges that Buckmaster's shaving order was deliberately indifferent to Turner's medical condition, pseudofolliculitis barbae ("PFB"). We conclude that Turner has failed to produce sufficient evidence of the seriousness of his PFB.
 
 
 11
 The record before us reveals a one-year shaving waiver issued by Dr. Ball on June 19, 1989. That waiver scantly describes Turner's condition only as "PFB" and prescribes no shaving with a razor. Four months after Turner saw Dr. Ball, Buckmaster ordered Turner to shave, and Dr. Catsaros examined Turner. Dr. Catsaros diagnosed Turner as suffering from "Grade I PFB" and prescribed no shaving for six months. We gather from the caselaw that PFB may range in seriousness from mild to moderate to severe. See EEOC v. Trailways, Inc., 530 F.Supp. 54, 56 (D.Colo.1981); see also Bradley v. Pizzaco, Inc., 939 F.2d 610, 612 (8th Cir.1991) (half of all black males suffer from PFB, but only in severe cases must the sufferer abstain from shaving altogether), cert. denied, 112 S.Ct. 933 (1992); EEOC v. Greyhound Lines, Inc., 635 F.2d 188, 195 (3d Cir.1980) (Sloviter, J., dissenting). The evidence in Turner's case fails to reveal the seriousness of Turner's particular PFB condition. Lacking evidence of the seriousness of Turner's PFB, the record does not raise a genuine issue of fact that Turner suffered a "serious medical need."[2]
 
 
 12
 Furthermore, we find the record lacking in evidence of Buckmaster's allegedly deliberate indifference. Even Turner's medical need cannot provide a sufficient inference in support of the requisite mental state, cf. Hudson, 112 S.Ct. at ---- (absence of serious injury is relevant to mental state inquiry under Eighth Amendment), for there is inadequate evidence of the seriousness of this need. Having failed to respond to the summary judgment motion with evidence of deliberate indifference, Turner's claim must fail. See Wilson, 111 S.Ct. at 2326.
 
 CONCLUSION
 
 13
 Because Turner failed to provide sufficient evidence of either deliberate indifference or the seriousness of his PFB, he failed to support essential elements of his claim. Turner's failure to oppose the motion sufficiently on these elements of his claim justified the district court's grant of summary judgment. Accordingly, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's grant of summary judgment, we need not consider its alternative ground of dismissal for failure to state a claim
 
 
 [2]
 The Supreme Court's recent decision in Hudson v. McMillan, 112 S.Ct. ---- (1992) does not aid Turner. In Hudson, the Court held that in excessive force cases, a prisoner need not show a significant injury to make out an Eighth Amendment claim. Id. at ___ ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident.") (citation omitted). This is not an excessive force case, however. As the Court indicated in Estelle, cases such as the present one that allegedly involve intentional interference with prescribed medical treatment are to be analyzed under the deliberate indifference standard, which requires a "serious medical need." 429 U.S. at 104-05