# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-50674
Summary Calendar

TIMOTHY J JAMES

Plaintiff-Appellant

v.

MARIA D RAMIREZ, Sergeant; GONZALO MARTINEZ, Correctional Officer; KENNETH BRIGHT, Assistant Warden; JEFFERY MORTON, Assistant Warden; RAYNALDO CASTRO, Warden II; TERRY RICHARDSON, Lieutenant; GARY L CURRIE, Major

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-287

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Timothy J. James, Texas prisoner # 848684, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. The district court held that the defendants were entitled to summary judgment on James's deliberate indifference claims and that the complaint otherwise had failed to state a claim. See FED. R. CIV. P. 56; FED. R. CIV. P. 12(b)(6). James argues, as he did in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, that he has pseudofolliculitis barbae (PFB), that he had been issued a clipper shave pass (CSP) allowing him not to shave and to maintain a 1/4-inch beard, and that defendants were responsible for threatening him with disciplinary sanctions if he did not shave on occasions, for falsely disciplining him in February 2005 for not shaving, and for refusing to renew his CSP in retaliation for his previous complaints.

James does not raise any issues on appeal with respect to the district court's dismissal of his claims against six defendants for failure to effect timely service and failure to prosecute. Therefore, any issues pertaining to the dismissal of his claims against those defendants are waived. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

We review the grant of summary judgment de novo. See Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075.

This court reviews a dismissal under Rule 12(b)(6) de novo. Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004). This "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted), cert. denied, 128 S. Ct. 1230, and cert. denied, 128 S. Ct. 1231 (2008).

James argues that the district court, in ruling on summary judgment, improperly relied on the Merck Manual, an online medical library, and the unpublished decision in Turner v. Buckmaster, No. 90-15855, 1992 WL 57430 at * 2 (9th Cir. Mar. 25, 1992) (unpublished). James does not challenge the Merck Manual's description of PFB or challenge Turner's holding as set forth by the district court. Even if the district court erred in relying on either source, any error was harmless because this court may "affirm a grant of summary judgment on any grounds supported by the record and presented to the court below." Hernandez, 522 F.3d at 560.

A plaintiff alleging deliberate indifference to serious medical needs "must prove objectively that he was exposed to a substantial risk of serious harm" and that the defendants "acted or failed to act with deliberate indifference to that risk." Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). James argues that the disciplinary case of February 2005 and several unspecified grievances raise genuine fact issues as to the issue of deliberate indifference. As the district court reasoned, James's challenge to the February 2005 disciplinary proceeding is unsupported by the record; the record reflects that James was disciplined for failing to maintain a 1/4 inch beard and not because he failed to shave to the skin level.

James has identified nothing in the record beyond his own allegations suggesting that PFB was a serious medical condition or that his condition was serious. See Wilson v. Seiter, 501 U.S. 294, 297 (1991); Lawson, 286 F.3d at 262. James had the burden of proving that he "was exposed to a substantial risk of serious harm." Lawson, 286 F.3d at 262. James's unsubstantiated assertions that he was exposed to such risk were not sufficient to meet his summary judgment burden. See Little, 37 F.3d at 1075.

James's claim that he was denied a CSP in retaliation for filing grievances is unavailing because it is conclusional. Even if evidence in the record reflected that the defendants were personally involved in the alleged retaliatory acts of

Nurse Stansbury, James failed to identify direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted).

The district court's judgment is AFFIRMED.