**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**
**May 6, 2004**
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30811

RICHARD D. KENNEDY; SALLY S. KENNEDY,

Plaintiffs - Appellants,

versus

CHASE MANHATTAN BANK USA, NA;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANSUNION, LLC; BANK OF AMERICA, NA (USA),

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
--------------------

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

This appeal arises from a lawsuit brought by Richard D. Kennedy and his wife, Sally S. Kennedy, under the Fair Credit Reporting Act (the Act) against Chase Manhattan Bank USA, NA (Chase Manhattan); Bank of America, NA (USA) (BOA); Experian Information Solutions, Inc. (Experian); and Transunion LLC (Transunion). In their complaint, the Kennedys asserted that the banks violated the Act by obtaining their credit information under false pretenses and by failing to adopt reasonable procedures for complying with the Act. The Kennedys further alleged that Experian and Transunion (collectively, the consumer

1

reporting agencies) failed to adopt reasonable procedures for complying with the Act.

In response to the Kennedys' complaint, the banks and the consumer credit reporting agencies moved to dismiss the Kennedys' claims for failure to state a claim. After considering the motions, the district court determined the Kennedys' allegations were not actionable under the Act and dismissed the Kennedys' claims. The Kennedys' challenge that determination in this appeal.

## Factual Background

The Kennedys' complaint sets out the background of their lawsuit. In their complaint, the Kennedys, *pro se*, asserted that they received pre-qualified offers for credit card accounts from Chase Manhattan and BOA, that based on the representations made by the banks the Kennedys believed they were pre-approved for credit, and that they accepted the offers by returning the applications. The banks, however, obtained consumer credit reports from Experian and Transunion and notified the Kennedys that, based upon the information in these reports, the banks would not open credit card accounts for the Kennedys.

The pre-approved offers are attached as exhibits to the complaint. Each offer provides, in part, that the offered credit may not be extended if, after the consumer responds to the offer, the bank determines the consumer does not meet the criteria used

2

to select the consumer for the offer or any "applicable criteria bearing on creditworthiness."

Throughout their lawsuit, the Kennedys maintained the banks violated the Act by failing to honor firm offers of credit. The Kennedys contended the banks violated section 1681q of the Act by obtaining information under the Act under false pretenses, and/or violated section 1681e by not maintaining reasonable procedures and certifications necessary to comply with the Act. The Kennedys argued that the credit reporting agencies violated section 1681e by "not adopting reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to the consumer with regard to confidentiality and proper utilization of such information in accordance with the requirements of the Fair Credit Reporting Act." The Kennedys asserted that: the defendants' actions constituted unfair and deceptive trade practices; the credit offers contained low introductory rates and balance transfer rates that would have saved them money; their credit history was damaged by having a declined credit investigation on their credit records; and they suffered humiliation, mental pain, and anxiety due to the defendants' willful and wanton disregard for their rights. The Kennedys sought actual and punitive damages, as well as costs and attorney's fees.

Chase Manhattan moved to dismiss the complaint for improper joinder because it had not extended an offer of credit to Richard

3

Kennedy (that offer was extended by BOA). Chase Manhattan also filed a motion to dismiss for failure to state a claim and/or for summary judgment. Chase Manhattan argued that sections 1681b(c) and 1681e did not apply to it because it was not a consumer reporting agency; it had not violated section 1681a by obtaining information under false pretenses because Sally Kennedy granted permission to review her credit history; and its actions did not constitute unfair and deceptive trade practices because it had a legal right to decline to extend credit to consumers not meeting its criteria.

The Kennedys opposed the motion to dismiss for improper joinder, arguing that they had community property and that when one member was denied credit or had his or her credit history damaged, it affected the other. They also opposed Chase Manhattan's motion to dismiss or for summary judgment, arguing that the Act applied not only to credit reporting agencies, but also to the users of this information. The Kennedys asserted that a creditor may obtain a credit report without the consumer's permission only when the creditor meets the conditions set forth in section 1681b(c), which allows pre-screening consumers for offers of credit. In particular, they contended a condition of obtaining a credit report is that if the consumer meets the criteria established by the creditor prior to the selection of the consumer for the offer, the creditor must make a firm offer of credit to the consumer. If the consumer accepts this offer,

4

the creditor may obtain a second credit report to verify that the consumer continues to meet the selection criteria. They contend the creditor is not allowed to apply a new set of criteria to the second credit report in order to disqualify a consumer from the credit offer after the consumer has accepted the offer.

Sally Kennedy averred that her credit history did not change between the time that she was selected for the offer of credit and the time that she accepted it, although this assertion is not set forth in the complaint. She asserted that Chase Manhattan did not indicate that any further conditions were made on the offer. She contended that the offer of credit evidenced the fact that she satisfied Chase Manhattan's credit criteria and that Chase Manhattan violated the Act by not extending this credit to her after it obtained her credit report without her knowledge. She argued that this constituted obtaining the credit report under false pretenses and that informing the consumer of pre-approval, but not honoring this offer, constituted an unfair trade practice.

Chase Manhattan responded that the Act was amended in 1997 to allow creditors to extend conditional firm offers to consumers. Chase Manhattan asserted that pursuant to section 1681b(c), consumer reporting agencies are permitted to furnish only limited information to creditors during the pre-screening process and that after the consumer responds to the credit offer the creditor is permitted to access the creditor's

5

credit report to determine whether the consumer satisfies its previously-determined criteria for credit worthiness. Chase Manhattan contended that after reviewing Sally Kennedy's complete credit history it determined that she did not satisfy its criteria for credit worthiness.

The district court granted Chase Manhattan's motion to dismiss and held the motion for improper joinder moot. The court determined that section 1681b(c) applied not only to credit reporting agencies but also to the entities requesting credit information. The court agreed with the bank's assertion that it had the legal right to decline credit to consumers who fail to satisfy its credit criteria, that the credit application informed Sally Kennedy of this possibility, and that Sally Kennedy's signature on the application evidenced her agreement to those terms. The court held that a "firm offer" under the Act means a firm offer "if you meet certain criteria" and that dissatisfaction with the pre-screening process did not state a cause of action under the Act. The court also held that the state law claims were preempted by the Act.

BOA, Transunion, and Experian also filed motions to dismiss. The district court granted all three motions, citing the reasons set forth in its order granting Chase Manhattan's motion to dismiss. The Kennedys then moved for rehearing on the banks' motions, but the district court denied the motion for rehearing. The district court then entered judgment in favor of all

6

defendants.  The Kennedys timely appealed.  In their appeal, the Kennedys maintain their complaint states a cause of action and that the district court erred by dismissing their claims.

### Standard of Review

This Court reviews *de novo* the grant of a motion to dismiss for failure to state a claim.[1]  In considering a motion to dismiss, the district court must take the facts as alleged in the complaint as true, and may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2]  If the district court considers information outside of the pleadings, the court must treat the motion as a motion for summary judgment.[3]  Although the court may not go outside the complaint, the court may consider documents attached to the complaint.[4]

In this instant case, many of the parties' arguments relate to information not in or attached to the complaint.  The district court, however, relied on the complaint and the attachments, and

---

[1] *See Brown v. Nationsbank Corp*., 188 F.3d 579, 585 (5th Cir. 1999).

[2] *See id*. at 585-86 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[3] *See Scanlan v. Tex. A&M Univ*., 343 F.3d 533, 536, 539 (5th Cir. 2003).

[4] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *see also Scanlan*, 343 F.3d at 536.

it expressly granted the motions to dismiss.  Therefore, this Court will not consider evidence outside the pleadings.[5]

## Firm Offer of Credit

In their first issue, the Kennedys maintain the district court used an incorrect definition for "firm offer of credit." According to the Kennedys, the Act permits a bank to obtain a consumer credit report for the purpose of extending a firm offer of credit, but may decline credit for only three reasons: (1) because of information contained in the consumer's credit application, (2) because of verification of the information used to select the consumer for the offer, and/or (3) because the consumer fails to provide collateral.  The Kennedys insist the banks used other criteria to decline them credit.

Section 1681b of the Act permits a consumer reporting agency to furnish a creditor with a consumer report in connection with a credit transaction not initiated by the consumer if "the transaction consists of a firm offer of credit."[6]  The Act defines firm offer of credit as:

> any offer of credit . . . to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer.[7]

---

[5]*See Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

[6]15 U.S.C. § 1681b(c)(1)(B)(i).

[7]15 U.S.C. § 1681a(l).

8

Notably, under the 1997 amendments to the Act,[8] a firm offer of credit may be further conditioned on one or more of the following:

> 1) The consumer being determined, based on information in the consumer's application for the credit . . ., to meet specific criteria bearing on credit worthiness . . ., as applicable, that are established--
>> (A) before selection of the consumer for the offer; and
>> (B) for the purpose of determining whether to extend credit . . . pursuant to the offer.
> (2) Verification--
>> (A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, information in the consumer's application for the credit . . ., or other information bearing on the credit worthiness . . . of the consumer; or
>> (B) of the information in the consumer's application for the credit . . ., to determine that the consumer meets the specific criteria bearing on credit worthiness . . . .
> (3) The consumer furnishing any collateral that is a requirement for the extension of the credit . . . that was--
>> (A) established before selection of the consumer for the offer of credit . . .; and
>> (B) disclosed to the consumer in the offer of credit . . . .[9]

---

[8]*See* Carol A. Ahern & Jeffrey P. Taft, *The Consumer Credit Reporting Reform Act of 1996: An Attempt to Make the Fair Creidt Reporting Act More Fair*, 51 CONSUMER FIN. L.Q. 304, 305-07 (1997) (discussing amendments to the Act resulting from Consumer Credit Reporting Reform Act of 1996); *see also* Anne P. Fortney, Privacy, *Consumer Credit Reporting, and Fair Lending Developments*, 51 CONSUMER FIN. L.Q. 41, 42-43 (1997) (summarizing provisions of Consumer Credit Reporting Reform Act of 1996).

[9]15 U.S.C. § 1681a(l) (omissions apply to firm offers of insurance).

Thus, a creditor must honor a firm offer of credit only if, based on information in the consumer report, the application, or other information bearing on credit worthiness, the consumer meets the criteria initially used to select that consumer for the offer. The creditor must establish the criteria for the firm offer of credit prior to extending the offer,[10] and must maintain a record of the criteria.[11]

Consumer reporting agencies, however, are only permitted to furnish limited information for a credit transaction not initiated by the consumer.[12] By permitting a creditor to obtain limited information, the Act allows creditors, like banks, to pre-screen potential customers.[13] In the pre-screening process, credit reporting agencies compile lists of customers who meet specific criteria provided by the creditor, and then provide the lists to a creditor, who uses the lists to solicit customers with

---

[10]*See* 15 U.S.C. § 1681a(l)(1)(A).

[11]*See* 15 U.S.C. § 1681m(d)(3).

[12]The consumer reporting agency may furnish a consumer report that includes: (1) the name and address of a consumer, (2) an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer, and (3) other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity. *See* 15 U.S.C. § 1681b(c)(2).

[13]*See In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 335 (N.D. Ill. 2002) (describing pre-screening as "the sale of target marketing lists provided the lists are used for making firm offers of credit . . . to the consumers on the list").

firm offers for credit in the form of pre-approved offers of credit.[14]  To access more detailed information to determine whether the consumer meets a creditor's specific criteria bearing on credit worthiness, a creditor must obtain a consumer's authorization.[15]  Thus, acceptance of a pre-approved offer of credit typically requires the consumer's agreement to permit the creditor to access the consumer's credit information.  If a consumer responds to a pre-approved offer of credit, and authorizes the creditor to access the consumer's credit report, the creditor may then access the consumer's credit report to determine whether the consumer satisfies its previously-established for credit worthiness.  As a result, the Act permits a creditor to make a "conditional" firm offer of credit; that is, an offer that is conditioned on the consumer meeting the creditor's previously-established criteria for extending credit.  Although the Kennedys maintain the district court used an incorrect definition for firm offer of credit, the district court correctly determined that a firm offer of credit under the Act "really means a 'firm offer if you meet certain criteria.'"[16]  As

---

[14]*See* 16 C.F.R., pt. 600, app. § 604(2) (Federal Trade Commission's interpretations of the Act).

[15]*See* 15 U.S.C. § 1681b(c)(1)(A).

[16]Order Granting Chase Manhattan's Motion to Dismiss, at p.4; *accord Tucker v. New Rogers Pontiac, Inc.*, No. 03 C 862, 2003 WL 220078297 (N.D. Ill. Sept. 9, 2003), at *3 (the Act provides that a creditor may extend a firm offer of credit and later revoke it, based on creditor's pre-determined criteria,

11

a result, the district court did not err by determining the Kennedys' complaint failed to state a claim.

The Kennedys' complaint fails to state a claim under the Act because Chase Manhattan's Pre-Approved Acceptance Certificate and BOA's Pre-selected Acceptance Certificate (collectively, the pre-approved certificates) clearly establish that the respective offers constitute firm offers of credit under the Act. Considered together, the complaint and the attached exhibits show (1) the banks offered Sally and/or Richard Kennedy a pre-approved credit card account based on information from a consumer credit report, (2) Sally and/or Richard Kennedy received the offer because the consumer(s) satisfied the specific criteria used by the banks to make the offers, and (3) the credit card accounts were conditioned on the consumer(s) satisfying specific criteria bearing on credit worthiness.

The Kennedys also complain on appeal that the banks violated sections 1681a(l) and 1681b(c) because the banks declined to extend them credit after extending them firm offers of credit. The Act, however, allows a creditor to use information in a consumer report to verify a consumer's credit worthiness, and to withdraw a firm offer of credit if the consumer does not meet the

_____

which it need not disclose to the consumer); *Sampson v. Western Sierra Acceptance Corp.*, No. 03 C 1396, 2003 WL 21785612 (N.D. Ill. Aug. 1, 2003, at *2 (firm offer of credit defined in terms of creditor's intention to honor an offer of credit in accordance with creditor's undisclosed, predetermined criteria).

12

creditor's previously-established criteria for extending credit.[17] Here, the Kennedys authorized the banks to obtain a consumer report for the purposes of issuing a credit card account. Moreover, the banks notified the Kennedys in the pre-approved certificates that they had the right to prohibit the use of their credit information in connection with any transaction that they did not initiate. Although the Kennedys insist the banks were prohibited from withdrawing their offers of credit, the Act allowed the banks to withdraw the offers if the Kennedys were not credit-worthy based on the consumer reports. Because the complaint alleged the banks engaged in permissible acts, the complaint failed to state a claim upon which relief could be granted.

---

[17]See 15 U.S.C. § 1681a(l)(2).

## The Complaint's Specific Allegations

In their complaint, the Kennedys specifically complained that the banks violated section 1681q of the Act by obtaining their credit information under false pretenses. Section 1681q provides a cause of action for obtaining credit information under false pretenses.[18] To prove this claim, the Kennedys were required to show the banks had an impermissible purpose in obtaining the credit report; that is, the banks lacked a permissible purpose.[19] "Permissible purposes" for obtaining consumer reports are set out in section 1681b of the Act. That section provides, in relevant part, that a consumer credit report may be furnished in connection with a credit transaction that is not initiated by the consumer if the applicable transaction consists of a firm offer of credit, or the consumer authorizes the report.[20] The Kennedys' complaint and the attachments, however, show the banks obtained the Kennedys' credit reports for a permissible purpose. The complaint alleged that: the Kennedys

---

[18]*See* 15 U.S.C. § 1681q ("[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both").

[19]*See Korotki v. Att'y Servs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996); *see also Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 177 (E.D.N.Y. 1999); *Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 264, (S.D.N.Y. 1994).

[20]*See* 15 U.S.C. § 1681b(c)(1)(A), (B)(i).

14

received pre-qualified offers for credit card accounts, the Kennedys accepted the offers by returning the applications, the banks obtained credit reports, and the banks notified the Kennedys that they would not open credit card accounts for them. Indeed, the pre-approved certificates notified the Kennedys that the offered credit might not be extended if, after the Kennedys responded to the offers, the banks determined the Kennedys did not meet the criteria used to select them for the offers and any other applicable criteria bearing on credit worthiness.[21] Thus, the banks fully apprised the Kennedys that the banks would review their credit history prior to determining whether the banks would extend the offered credit. The Kennedys signed the pre-approved certificates, agreed to the terms of the offers, and authorized the banks to access their credit information. Thus, the complaint and the pre-approved certificates show the banks did not obtain the Kennedys' credit information under false pretenses. Instead, the banks pre-screened customers for firm offers of credit, and then post-screened accepted offers to determine eligibility based on credit worthiness. Consequently, the complaint failed to state a claim under section 1681q.

---

[21]Chase Manhattan's notice provided: "The offered credit may not be extended if, after you respond to this offer, we determine that you do not meet the criteria used to select you for this offer or any other applicable criteria bearing on credit worthiness." BOA's notice provided: "The credit may not be extended if, after you respond, we find that you do not meet the criteria used to select you for this offer or any applicable criteria bearing on credit worthiness."

The Kennedys also alleged the banks violated section 1681e by failing to maintain reasonable procedures and certifications needed to comply with the Act.  Section 1681e, however, imposes duties upon "credit reporting agencies."  Because the banks are not credit reporting agencies, the Kennedys' allegation under section 1681e failed to state a claim.  As a result, the district court properly dismissed the Kennedys' claims against the banks.

### Claims Against the Credit Reporting Agencies

In their complaint, the Kennedys alleged that the defendant credit reporting agencies violated section 1681e by failing to adopt reasonable procedures.  The Kennedys, however, did not allege any specific factual allegations regarding the credit reporting agencies' procedures or specify how the agencies violated the Act.  Notably, the complaint did not allege the credit reporting agencies provided inaccurate credit information.[22]  Because the complaint simply alleged a violation of section 1681e without any supporting factual allegations, the Kennedys' claims against the credit reporting agencies were nothing more than unsupported legal conclusions.  Despite this weakness, the complaint and the attachments show that the

---

[22]Section 1681e(b) requires a consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy of the information provided in the report.  *See* 15 U.S.C. 1681e(b).  This Court's analysis of the Kennedys' claims does not address the accuracy requirement because the Kennedys did not allege the credit reporting agencies provided inaccurate information.

Kennedys can prove no set of facts that would entitle them to relief.

A plaintiff bringing a claim that a reporting agency violated the "reasonable procedures" requirement of section 1681e must first show that the reporting agency released the report in violation of section 1681b.[23]  The Kennedys' complaint, however, does not allege the credit reporting agencies released their credit information in violation of section 1681b.  Instead, the complaint alleges the credit reporting agencies "violated Section 1681e by not adopting reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to the consumer with regard to confidentiality and proper utilization of such information in accordance with the requirements of the . . . Act."  In essence, the Kennedys alleged the credit reporting agencies acted under section 1681b–the provision that permits a consumer reporting agency to provide a consumer report in connection with a firm offer of credit, but not that the credit reporting agencies violated section 1681b.

In addition, the Kennedys cannot show the credit reporting agencies released their credit reports in violation of section 1681b because the banks' pre-approved certificates constituted firm offers of credit, and because the Kennedys authorized the release of their credit information.  Instead, the complaint and

_____

[23]*See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000).

17

the pre-approved certificates show the credit reporting agencies were authorized to release the Kennedys' credit information. The pre-approved certificates show the Kennedys signed the banks' firm offers of credit and expressly authorized the banks to obtain their credit information from the credit reporting agencies. As a result, the district court did not err by finding the Kennedys failed to state a claim against the credit reporting agencies.

## Conclusion

The district court correctly determined that the Act permits a creditor to pre-screen consumers for firm offers of credit, and to withdraw an offer if a consumer fails to meet the creditor's previously-established criteria for credit worthiness. As a result, the district court did not err in finding the Kennedys failed to state a claim against the banks. In addition, the district court correctly determined that a plaintiff who complains under section 1681e after a consumer reporting agency releases limited consumer information pursuant to a firm offer of credit, or releases a consumer credit report upon the consumer's authorization, in the absence of an allegation of inaccurate information, fails to state a claim. Because the district court did not err in these determinations, the district court properly dismissed the Kennedys' claims. As a result, this Court AFFIRMS the judgment of the district court.

18

AFFIRMED.