# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60252

TAMMY WILLIAMS; EARL RUSSELL; CHERYL HAMBRICK

Plaintiffs-Appellants

v.

SHERIFF JAMES A RILEY, In his Official and personal capacities; STEVE ATKINSON, Individually and in His Official Capacity as Deputy Sheriff and Jail Administrator of Desoto County, Mississippi; LARRY GATLIN, Individually and in His Official Capacity as Deputy Sheriff and Jail Administrator of Desoto County, Mississippi

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CV-83

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tammy Williams, Earl Russell, and Cheryl Hambrick (Plaintiffs) contest the dismissal of their First Amendment and equal-protection claims involving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

their former public employer, in which they maintain they were terminated in retaliation for reporting an incident in their workplace to their supervisors. One of the principal issues is whether the dismissal was pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim) or Rule 56 (summary judgment). It appears the dismissal was through summary judgment, with a resulting issue being whether a genuine issue of material fact exists on whether Plaintiffs reported the incident pursuant to their official job duties, resulting in their speech not being protected by the First Amendment. Also at issue are whether: the district court abused its discretion by denying Plaintiffs leave to amend their complaint to clarify their job duties; and Plaintiffs stated an equal-protection claim. AFFIRMED IN PART, VACATED IN PART, and REMANDED.

## I.

Plaintiffs worked as jailers at the DeSoto County Jail. In December 2004, while on duty, Plaintiffs-Jailers Williams and Hambrick witnessed an inmate being beaten by a Sergeant. Jailer Williams stepped in to stop the Sergeant; Jailers Williams and Hambrick reported the incident to their supervisor, Plaintiff-Deputy Sheriff Russell, who was also a jailer. Deputy Sheriff Russell told them to report the incident to another supervisor, Defendant-Deputy Sheriff Gatlin. Unable to reach Deputy Sheriff Gatlin, Jailers Williams and Russell contacted Captain Stewart, who was off-duty. Captain Stewart: came to the jail; informed Jailers Williams and Hambrick she had contacted Defendant-Deputy Sheriff Atkinson, the Chief Jailer; and instructed them to write a report and place it under Deputy Sheriff Atkinson's door. Jailer Hambrick did so. The next

day, Plaintiffs were informed of unrelated charges of misconduct against them, given a hearing, and terminated from their employment. Defendant-Sheriff Riley was the sheriff.

Proceeding under 42 U.S.C. § 1983, Plaintiffs filed this action in April 2005, claiming, inter alia, retaliation in violation of their First Amendment right to free speech and denial of equal protection. Subsequently, the Supreme Court of the United States decided Garcetti v. Ceballos, 547 U.S. 410 (2006), holding speech pursuant to a public employee's official duties is not entitled to First Amendment protection. In July 2006, in the light of Garcetti, Defendants moved to supplement their pending Rule 12(b)(6) dismissal motion. The district court, without ruling on the motion to supplement, denied the dismissal motion and granted Plaintiffs leave to file an amended complaint.

Defendants moved for reconsideration of their dismissal motion; Plaintiffs filed the amended complaint. In replying to Plaintiffs' opposition to the motion for reconsideration, Defendants attached, inter alia, a copy of a page from the DeSoto County Sheriff's Department Operations Policy and Procedures (Policy), which purported to impose an official duty on Plaintiffs to report the witnessed incident.

In September 2006, following a case-management conference, Defendants filed another Rule 12(b)(6) motion to dismiss. In responding, Plaintiffs attached, inter alia, a declaration by each Plaintiff, contesting Defendants' assertion that Plaintiffs had an official duty to report the incident. Defendants replied, again attaching the Policy.

Plaintiffs moved to amend their complaint, and Defendants responded, attaching the Policy yet again. Ruling on the above-pending motions, the district

court granted the motion to dismiss, stating it did so under Rule 12(b)(6), and denied, as futile, Plaintiffs' motion to amend. It also declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

## II.

### A.

It goes without saying that a Rule 12(b)(6) motion is not interchangeable with a Rule 56 summary-judgment motion. E.g., Jackson v. Procunier, 789 F.2d 307, 309-10 (5th Cir. 1986). A Rule 12(b)(6) motion must be evaluated only on the complaint, and amendments to the complaint are generally allowed to cure deficiencies. Jackson, 789 F.2d at 309-10. In that regard, pursuant to Rule 12(d), "[i]f the district court considers information outside of the pleadings, the court must treat the [Rule 12(b)(6)] motion as a motion for summary judgment". See, e.g., Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004).

Although the district court did not reference the Policy and stated that, "even after viewing all of the facts in favor of the plaintiffs", it was granting Defendants' Rule 12(b)(6) motion, it also stated: "it is undisputed that part of the plaintiffs' official duty description [presumably the Policy relied upon by Defendants] includes reporting unlawful activity of other officers". Williams v. Riley, 481 F. Supp. 2d 582, 584 (N.D. Miss. 2007) (emphasis added). Plaintiffs' operative complaint, however, does not mention their "official duty description". And, contrary to Defendants' contention in support of their dismissal motion and on appeal, the complaint does not allege the speech was made pursuant to Plaintiffs' official duties. Moreover, the Policy was neither attached to the complaint, nor referenced by the complaint and central to the claim. See, e.g.,

4

Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations omitted) (stating documents attached to a motion to dismiss may only be considered if referenced by the complaint and central to the claim).

Accordingly, because it appears the Policy, a matter outside the pleadings, was considered, the dismissal was through a summary judgment and is reviewed de novo. E.g., Jackson, 789 F.2d at 310. In doing so, we consider the summary-judgment record, which includes the Policy and Plaintiffs' declarations.

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists if, pursuant to the summary-judgment evidence, no reasonable juror could find in favor of the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007). (If matters outside the pleadings were not considered, resulting in the dismissal being under Rule 12(b)(6), the dismissal of the First Amendment claim would still be erroneous for the below-stated reasons.)

B.

Plaintiffs challenge the dismissal of their claims under § 1983 for violations of their constitutional rights to free speech and equal protection on three bases. They maintain: a genuine issue of material fact exists on whether their speech is protected by the First Amendment; the district court erred by denying leave to file an amended complaint to clarify their job duties; and their equal-protection claim was erroneously dismissed.

1.

Plaintiffs claim it was error to dismiss their claim for retaliation, in violation of their First Amendment rights to speak as citizens on matters of public concern. In that regard, at issue is whether a genuine issue of material fact exists on whether their speech was made pursuant to their official job duties and, therefore, not protected by the First Amendment.

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern". Garcetti, 547 U.S. at 417 (citations omitted and emphasis added). "So long as employees are speaking as citizens about matters of public concern, they must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively." Id. at 419 (citing Connick v. Myers, 461 U.S. 138, 147 (1983)) (emphasis added). "Employees who make public statements outside the course of performing their official duties retain some possibility of First Amendment protection . . . ." Id. at 423 (emphasis added).

But, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes". Id. at 421 (emphasis added); see Williams v. Dallas Ind. Sch. Dist., 480 F.3d 689, 693 (5th Cir. 2007); Davis v. McKinney, No. 07-20184, 2008 WL 451769 (5th Cir. 21 Feb. 2008); Nixon v. City of Houston, 511 F.3d 494 (5th Cir. 2007).

At issue, then, is whether a genuine issue of material fact exists on Garcetti's threshold inquiry — whether Plaintiffs' speech was pursuant to their official duties. The district court held the speech was unprotected, pursuant to Garcetti. As discussed above, it stated: "it is undisputed that part of the

6

plaintiffs' official duty description [as noted supra, presumably evidenced by the Policy] includes reporting unlawful activity of other officers". Riley, 481 F. Supp. 2d at 584 (emphasis added).

The Policy, however, does not conclusively establish the speech was made "pursuant to their official duties". Garcetti, 547 U.S. at 424-25. Further, Plaintiffs' declarations maintain, inter alia, no such duty was imposed upon them.

Along that line, even if the Policy undisputedly imposed a duty on Plaintiffs to report the incident they witnessed, it is error to rely solely upon an employer's written policy in determining official duties. Garcetti had "no occasion to articulate a comprehensive framework for defining the scope of an employee's duties" (the plaintiff in Garcetti conceded his speech was made pursuant to his official duties), but instructs "[t]he proper inquiry is a practical one". Id. at 424.

> Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes.

Id. at 424-25 (emphasis added). Accordingly, the district court erred by apparently relying solely upon Plaintiffs' "official duty description".

Neither is it dispositive that the speech was made within the workplace; nor that it concerned a matter related to Plaintiffs' employment. Id. at 420-21 (citing Givhan v. W. Line Consol. Sch. Dist., 439 U.S. 410 (1979)). Although it may be presumed that an employee's official job duties at a reasonable sheriff"s department would include reporting crimes perpetrated at work by department

members, it is not clearly so here. Plaintiffs' job duties as jailers are scarcely mentioned, save Plaintiffs' denials that those duties included reporting the incident at issue. Defendants produced the Policy, but it concerns "improper conduct" and was not shown to be applicable. Again, Plaintiffs, as summary-judgment nonmovants, are accorded all reasonable inferences. See, e.g., Dean, 438 F.3d at 454.

Therefore, a genuine issue of material fact remains on whether the speech was: "pursuant to . . . official duties" Plaintiffs "actually [were] expected to perform", i.e., made "in the course of performing their official duties" under Garcetti, 547 U.S. at 421-25. Accordingly, dismissal was improper.

2.

Along that line, Plaintiffs maintain the district court should have granted leave to file a third amended complaint, to clarify their allegations that the speech was not made pursuant to their job duties. Denial of leave to amend is reviewed for an abuse of discretion. E.g., Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872 (5th Cir. 2000).

The district court, relying on Garcetti, ruled the amendment would be futile. As discussed supra, however, a genuine issue of material fact exists on whether the speech was made pursuant to Plaintiffs' job duties. Accordingly, the district court abused its discretion in finding futility. See id. at 873. Therefore, on remand, Plaintiffs should be given leave to file the requested amended complaint.

3.

Finally, Plaintiffs maintain the district court erred in dismissing their Fourteenth Amendment equal-protection claim on the basis that Plaintiffs' speech is not protected by the First Amendment.

Plaintiffs' equal-protection claim is based on the alleged retaliation against them for the exercise of their purported First Amendment rights — for reporting abusive activity by a member of the Sheriff's Department. In support, they rely on Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (holding a "class-of-one" equal-protection claim based on government's "irrational and wholly arbitrary" demand of an easement was cognizable), and Shipp v. McMahon, 234 F.3d 907 (5th Cir.) (holding equal-protection claim may be available based on unequal police protection if illegitimate animus or ill-will motivated plaintiff's intentionally different treatment from others similarly-situated and no rational basis existed for such treatment), cert. denied, 532 U.S. 1052 (2000), overruled on other grounds, McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002).

Assuming, arguendo, that a cognizable equal-protection claim may be based on a government-employer's selective enforcement of an employment policy, a "class-of-one" plaintiff must, at a minimum, show he "has been intentionally treated differently from others similarly situated". Olech, 528 U.S. at 564; Shipp, 234 F.3d at 916 (stating plaintiff must also allege "an illegitimate animus or ill-will motivated" the different treatment); see Mikeska v. City of Galveston, 451 F.3d 376, 381 & n.4 (5th Cir. 2006) (listing different types of class-of-one claims). Plaintiffs, however, have not alleged they were treated differently than similarly-situated individuals. Rather, they alleged being

treated differently than those who did not report the same type of incident (i.e., did not engage in purported protected speech).

Therefore, Plaintiffs' equal-protection claim "amounts to no more than a restatement of [their F]irst [A]mendment claim". Thompson v. City of Starkville, Miss., 901 F.2d 456, 468 (5th Cir. 1990). Accordingly, it was properly dismissed.

III.

For the foregoing reasons, the judgment is AFFIRMED in part and VACATED in part. This matter is REMANDED for further proceedings consistent with this opinion.