IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-51423

JOSE RODRIGUEZ

Plaintiff - Appellant

v.

TIMOTHY RUTTER, in their individual capacities;
JOSE KLUGE, in their individual capacity

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CV-115

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Rodriguez filed this action under 42 U.S.C. § 1983 against El Paso County Sheriff's Deputies Timothy Rutter and Jose Kluge, in their individual capacities, alleging that they violated his right to freedom of speech and caused him to be maliciously prosecuted for the display of an unauthorized sign. On the motion of Rutter and Kluge, the district court dismissed half of Rodriguez's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim upon which relief may be granted. Rodriguez appeals that dismissal here. Because we find that the Rule 12(b)(6) dismissal was improper, we vacate the district court's order and remand for further proceedings.

I.

This action comes to us on the grant of a motion to dismiss, and we therefore accept the factual allegations of Rodriguez's complaint as true. See, e.g., Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). Accordingly, we begin with a summary of the facts supplied by Rodriguez's complaint.

Rodriguez is the proprietor of Pepe's General Store in San Elizario, a small community outside El Paso. On the morning of October 27, 2006, Rodriguez arrived at his store and noticed several El Paso County Sheriff's Department vehicles on the street. He suspected the vehicles were part of a roadblock, since the sheriff's department often erected roadblocks in San Elizario. Rodriguez did not like the roadblocks because sometimes deputies entered his store to make arrests, and he feared customers suspected him of colluding with law enforcement. He also believed that he lost business on days the roadblocks were erected.

Rodriguez alleges in his complaint that, later in the morning, a boy walked into Pepe's General Store, followed by a sheriff's deputy. The deputy detained the boy and accused him of entering the store to evade a roadblock. The deputy ultimately cited the boy for driving without proof of insurance. Rodriguez, angered by the incident, decided to protest the roadblocks. He posted a sign that read: "Ciudado. Precaución. Retén del Sheriff," or, translated, "Be Careful/Precaution. Sheriff's Checkpoint."

The sign quickly drew the deputies' attention. Deputy Timothy Rutter was the first to arrive; he questioned Rodriguez and told him to remove the sign. According to Rodriguez, Deputy Rutter told him that if he did not remove the

sign, the deputies would erect a roadblock in front of his store every day until he went out of business.

Meanwhile, more deputies, including Deputy Kluge, continued to arrive until there were seven sheriff's department vehicles in front of Pepe's General Store. Deputy Kluge noticed another sign posted on an electric pole that read: "Minutemen go home." He told Rodriguez to remove that sign, too. According to Rodriguez, Deputy Kluge told him that if he did not remove that sign, the electric company would remove the pole so that the store would have no electricity. Deputy Kluge then pretended to call the electric company.

There were other signs, advertising the Texas lottery and various products, posted prominently on the property. The deputies did not ask Rodriguez to remove those signs.

Rodriguez further states in his complaint that he resisted Deputies Rutter's and Kluge's orders to remove the two signs. The deputies, in turn, issued to Rodriguez a citation for the misdemeanor "display unauthorized sign signal marking [sic]." After the deputies left, Rodriguez removed the signs. The El Paso County District Attorney later prosecuted the case against Rodriguez until, shortly before the first pretrial hearing, the case was dropped for lack of evidence.

The above facts are taken from the complaint. Rodriguez then filed this 42 U.S.C. § 1983 action against Deputies Rutter and Kluge, in their individual capacities, alleging that they: (1) violated his right to freedom of speech and expression as guaranteed by the First Amendment; (2) violated his right to freedom of speech as guaranteed by the Texas Bill of Rights; and (3) caused him to be maliciously prosecuted. Rodriguez sought damages, declaratory relief, injunctive relief, and attorneys' fees.

Deputies Rutter and Kluge moved to dismiss Rodriguez's complaint under Federal Rule of Civil Procedure 12(b)(6). Their motion asserted that Rodriguez

violated § 544.006(a)(3) of the Texas Transportation Code, which prohibits the "display on or in view of a highway an unauthorized sign, signal, marking, or device or railroad sign or signal," by affixing his "Ciudado" sign to a "Road Construction Ahead" traffic sign. The motion attached as exhibits the affidavits of Deputies Rutter and Kluge, as well as a DVD copy of the patrol video that recorded the deputies' interaction with Rodriguez.

Rodriguez countered that, far from showing that his complaint failed to state a claim as required by Rule 12(b)(6), the deputies' motion had instead created a factual dispute. Rodriguez countered that there was no road construction near his store that day, and that the "Road Construction Ahead" sign to which he had affixed his "Ciudado" sign had been abandoned on his property.

The district court granted in part, and denied in part, the deputies' motion to dismiss. The district court found that Rodriguez had affixed his "Ciudado" sign to an "official traffic control device," in violation of § 544.006(a)(3) of the Texas Transportation Code. The district court then concluded that the deputies had neither violated Rodriguez's rights by instructing him to remove the sign, nor caused Rodriguez to be maliciously prosecuted by issuing a citation to him. On that basis the district court dismissed under Rule 12(b)(6) Rodriguez's claims as to the "Ciudado" sign; the district court permitted Rodriguez's claims as to the "Minutemen" sign to proceed. Since that time, however, the parties have stipulated to the dismissal with prejudice of all claims, for the sole purpose of expediting appellate review.

Rodriguez now appeals the Rule 12(b)(6) dismissal of his claims as to the "Ciudado" sign. He claims that, in deciding to dismiss those claims, the district court impermissibly considered evidence outside the complaint and drew inferences in favor of the deputies. He asks that we vacate the dismissal, and

also reverse the district court's ruling that he had no basis from which to seek equitable relief.

## II.

Rule 12(b)(6) permits dismissal of a complaint "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See, e.g., Brown v. Nationsbank Corp., 188 F.3d 579, 585-86 (5th Cir. 1999) (citations omitted). Motions to dismiss under Rule 12(b)(6) are rarely granted and generally disfavored. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). We review a Rule 12(b)(6) dismissal de novo. See, e.g., Lindquist v. City of Pasadena, Tex., 525 F.3d 383, 386 (5th Cir. 2007). In our review, we accept well-pleaded factual allegations as true. See, e.g., Woodard v. Andrus, 419 F.3d 348, 351 (5th Cir. 2005). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." Id. (citing Sloan v. Sharp, 157 F.3d 980, 982 (5th Cir. 1998)).

It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not "go outside the complaint." See, e.g., Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). There is one recognized exception to that rule: A district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Id.; Collins, 224 F.3d at 498-99. If, however, a district court considers other information "outside the complaint," it must treat the motion to dismiss as a motion for summary judgment. Kennedy v. Chase Manhattan Bank USA, 369 F.3d 833, 839 (5th Cir. 2004). In the event a motion to dismiss is converted to one for summary judgment, a district court must first

give the parties notice, and then may consider all evidence presented. Scanlan, 343 F.3d at 539; see also FED. R. CIV. P. 12(b)(6). None of this occurred and accordingly this appeal is from the grant of a Rule 12(b)(6) motion.

III.

We conclude that Rodriguez's complaint, liberally construed and with all reasonable inferences drawn in his favor, states claims upon which relief may be granted. Rodriguez's complaint alleged that, by instructing him to remove his "Ciudado" sign and citing him for a misdemeanor offense, the deputies violated his right to freedom of speech and caused him to be maliciously prosecuted for the display of an unauthorized sign. Rodriguez's complaint sought relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or federal law and (2) demonstrate the alleged violation was committed by a person acting under color of state law. See, e.g., Randolph v. Cervantes, 130 F.3d 727, 730 (5th Cir. 1997). There is no dispute that the deputies were acting under color of state law. We therefore ask only whether Rodriguez has pleaded facts sufficient to allege a violation of rights secured by the Constitution or federal law.

A.

We address Rodriguez's freedom of speech claim first. Rodriguez's complaint states facts that he urges indicate the deputies issued the citation in retaliation for his exercise of his First Amendment right. "Any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." Izen v. Catalina, 398 F.3d 363, 367 n.5 (5th Cir. 2005) (quoting Smith v. Plati, 258 F.3d 1167, 1176 (10th Cir. 2001) (citations omitted)). To make out a First Amendment retaliation claim, Rodriguez must show: (1) he was engaged in constitutionally protected activity; (2) the deputies' actions caused him to suffer an injury "that would chill a person

of ordinary firmness from continuing to engage in that activity"; and (3) the deputies' actions were substantially motivated against his exercise of constitutionally-protected activity. Id. (quoting Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002)). In addition, in a case such as this where the plaintiff has been prosecuted, Rodriguez must show absence of probable cause to prosecute. Id. at 368.

The district court did not address each of the elements listed above in its order granting in part the deputies' motion to dismiss. Nevertheless, the district court did conclude that Rodriguez had failed to state a claim because (1) his speech was not constitutionally protected and (2) he failed to show absence of probable cause. Rodriguez contends that, in so concluding, the district court impermissibly considered evidence outside the complaint and drew inferences in favor of the deputies. We agree with Rodriguez.

In deciding that Rodriguez's speech was not constitutionally protected, the district court found that the "Road Construction Ahead" sign to which Rodriguez affixed his "Ciudado" sign was an "official traffic control device."[1] By extension, the district court found that Rodriguez had violated the Texas Transportation Code by using an official traffic control device as a base for his sign. Rodriguez is correct that, in so finding, the district court adopted facts outside his complaint, which stated no more than that Rodriguez had posted a sign on his property protesting the roadblock. The deputies' motion to dismiss first alleged that Rodriguez had violated the Texas Transportation Code. However, that allegation was supported by the deputies' affidavits and a DVD copy of the patrol video. This evidence was not referred to in Rodriguez's complaint and therefore

---

[1] Section 541.304 of the Texas Transportation Code defines "official traffic-control device" as "a sign, signal, marking, or device that is (A) consistent with this subtitle; (B) placed or erected by a public body or officer having jurisdiction; and (C) used to regulate, warn, or guide traffic."

could not be considered, if indeed it was, in deciding whether to grant a motion to dismiss. Scanlan, 343 F.3d at 536.

In deciding that Rodriguez failed to show absence of probable cause, the district court found that the deputies reasonably issued the citation after they witnessed Rodriguez violating the Texas Transportation Code. That finding, however, assumed that Rodriguez violated the Texas Transportation Code, an assumption that we have already stated was not supported by the allegations of Rodriguez's complaint and at best created a potential issue of fact. The district court also found that the deputies had no reason to suspect that the sign had been abandoned. Rodriguez again is correct that nothing in his complaint could fairly give rise to that inference. Nor in fact did the deputies state that they had no reason to believe the sign had been abandoned. In deciding whether to grant a motion to dismiss, a district court is required to indulge any inference in the plaintiff's favor. See, e.g., Woodard, 419 F.3d at 351. The district court was barred from assuming, in this instance, that the deputies did not know that the sign had been abandoned.

In sum, because the district court impermissibly considered evidence outside the complaint and drew inferences in favor of the deputies, we find the dismissal of Rodriguez's First Amendment claim was improper. To the extent the district court relied on the same considerations to dismiss Rodriguez's indistinguishable claim under the Texas Bill of Rights, that dismissal was also improper.

## B.

We now turn to Rodriguez's malicious prosecution claim. The right to be free from malicious prosecution is guaranteed by the Fourth Amendment. See Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999). We require that, to prove a constitutional violation for malicious prosecution, a plaintiff must prove common law elements of malicious prosecution. Evans v. Ball, 168 F.3d 856, 862 n.9, 863

(5th Cir. 1999). Under Texas law, a plaintiff must show: "(1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff." Izen v. Catalina, 256 F.3d 324, 328 (5th Cir. 2001) (quoting Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994)). The district court concluded that Rodriguez failed to state a claim for malicious prosecution because he failed to show an absence of probable cause. We have already stated that this finding depended on facts that were not supported by the allegations of Rodriguez's complaint. Dismissal of Rodriguez's malicious prosecution claim on that basis was therefore improper.

IV.

Rodriguez also asks that we reverse the district court's ruling that he had no basis from which to seek equitable relief. That ruling followed the district court's dismissal of Rodriguez's claims under Rule 12(b)(6). Because that dismissal was improper, the ruling that Rodriguez had no basis from which to seek equitable relief was also improper.

V.

We of course pass no judgment on whether Rodriguez is likely to prevail on the merits. Our review merely satisfies us that Rodriguez has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The dismissal of Rodriguez's action is therefore VACATED, and the case is REMANDED for further proceedings.

VACATED and REMANDED.