# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2013

No. 12-10922
Summary Calendar

Lyle W. Cayce
Clerk

TRACY JO RHINE,

Plaintiff-Appellant

v.

CPL. ELLISON; C.O. JACKSON; DR. SCHMIDT; C.O. CERVANTIZ; SGT.
RUSSELL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-76

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tracy Jo Rhine, now former federal prisoner # 38612-177, appeals the partial dismissal of her 42 U.S.C. § 1983 complaint against Dr. Schmidt, Corporal Ellison, Corrections Officer Jackson, and Corrections Officer Cervantez for the denial of medical treatment while she was a federal pretrial and postconviction detainee. The district court dismissed her claims with

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

We review de novo a dismissal under Rule 12(b)(6). *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1561 (2012). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

A prison official can be found liable under the Eighth and Fourteenth Amendments for the denial of adequate medical care if he is aware of and disregards a substantial risk of serious harm to the convicted prisoner, *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994), or pretrial detainee, *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639, 650 (5th Cir. 1996) (en banc). Review of whether Rhine stated a claim for the denial of adequate medical care is limited to her complaint, more definite statement, and the medical records she attached to her more definite statement. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

Although Rhine alleged sufficient facts from which it could be inferred that Ellison, Jackson, and Cervantez knew that Rhine believed her shoulder was hurt, her allegations do not permit the inference that these defendants knew that her shoulder injury posed a substantial risk of serious harm or that delaying medical attention would result in a substantial risk of serious harm. *See Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013). Her allegations and the medical records she attached to her more definite statement indicate that Dr. Schmidt referred her for treatment of her shoulder and stated that another physician was the treating physician for her knee and back. Thus, her allegations do not permit the inference that Dr. Schmidt disregarded a

substantial risk of serious harm. *See id.* The delays she experienced in receiving medical treatment do not state a constitutional violation because she did not allege facts from which it could be inferred that Dr. Schmidt knew the delays would result in substantial harm or that the delays in fact resulted in substantial harm. *See id.*

The judgment of the district court is AFFIRMED.