# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-31101
Summary Calendar

JOHN DOOLITTLE

Plaintiff-Appellant

V.

HERMAN HOLMES, Sergeant; TRISH FOSTER; DAVID JAMES; HOWARD PRINCE; DAVIS, Colonel; JOLIE DARBONNE; VENOY, Warden; REGINALD, Classification; BURL CAIN, Warden; RICHARD STALDER

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-986

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

   John Doolittle, Louisiana prisoner # 109680, filed a civil rights action against several prison officials. The magistrate judge recommended that Doolittle's claims be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court adopted the magistrate judge's report and dismissed Doolittle's action. We review de novo a dismissal under Rule 12(b)(6)

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for failure to state a claim on which relief can be granted. Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004).

Doolittle argues that the district court erred in dismissing his claim against Sergeant Holmes, whom, Doolittle alleges, carried out a threat to falsify a disciplinary report. Doolittle's punishment for the disciplinary offense, cell confinement for 13 months, does not implicate due process concerns. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, a claim that a prisoner was "improperly charged with things he did not do," standing alone, does not state a due process claim. See Collins v. King, 743 F.2d 248, 253 (5th Cir. 1984).

Doolittle contends that the district court erred in dismissing his claim against Warden Cain. He asserts that Warden Cain took no actions to prevent Sergeant Holmes from carrying out his threat to fabricate a disciplinary report. Doolittle's allegations fail to show that Warden Cain was personally involved in the alleged constitutional deprivation. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Doolittle argues that the district court erred in dismissing his claim for denial of exercise. The magistrate judge, citing 42 U.S.C. § 1997e(e), recommended dismissal of the denial-of-exercise claim on grounds that Doolittle had not alleged a physical injury. Doolittle argues on appeal that his complaint alleged that he suffered atrophy as a result of the denial of exercise. We review the dismissal of this claim for plain error because Doolittle did not object to the magistrate judge's report on this ground. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. Wright v. Ford Motor Co., 508 F.3d 263, 272 (5th Cir. 2007). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

A review of the record reveals that, in the section of his complaint devoted to demands for relief, Doolittle alleged that he suffered atrophy. The pleadings of pro se parties such as Doolittle are held to less stringent standards than those filed by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Given that Doolittle alleged a physical injury resulting from the denial of exercise, he has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Accordingly, we will exercise our discretion on plain error review, vacate the dismissal of the denial-of-exercise claim pursuant to § 1997e(e), and remand for further proceedings.

Independent of his claim based on denial of exercise, Doolittle claims that his confinement in an isolated cell for 71 days while awaiting reassignment following his disciplinary conviction was a violation of his constitutional rights. Doolittle's detention in administrative segregation as a result of his disciplinary conviction was not a constitutional violation. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998).

For the first time on appeal, Doolittle claims that Sergeant Holmes violated his First Amendment rights by threatening to file a disciplinary action if Doolittle was seen talking with a female correctional officer. Doolittle also claims, again for the first time on appeal, that his constitutional rights were violated because he did not receive credit for the 71 days he spent awaiting reassignment. This court will not consider these new theories of relief. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Doolittle moves for leave file a corrected brief in which he asserts that Sergeant Holmes violated his First Amendment rights. This claim was not raised below and will not be considered. See id. The motion is denied. Doolittle has abandoned the remaining claims presented in the district court by failing to brief them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION DENIED.