**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

Lyle W. Cayce
Clerk

No. 12-10057
Summary Calendar

WAYNE H. NORMAN,

Plaintiff-Appellant

v.

NORTHLAND GROUP INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1416

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wayne H. Norman, a non-prisoner proceeding pro se and in forma pauperis, filed this civil action against Northland Group, Inc., alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. The district court granted Northland's motion to dismiss Norman's complaint under FED. R. CIV. PROC. 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10057

Norman appeals, arguing that it was not proper for the district court to dismiss his complaint without verifying whether Northland owned an account and whether such account fit the definition described in the FCRA. He contends that he has never maintained an "account" as defined by the FCRA with Northland. He asserts that there are no documents showing the actual existence of any alleged account, or any other entity alleged to be in the chain of ownership, other than a letter received by him from Northland attempting to explain its permissible purpose. He states that proof that Northland owned the alleged account had never been established or presented to the court. He argues that the district court erred in dismissing his complaint on the mere suggestion that Northland owned the account, that the alleged account was an account as defined in the FCRA, and that Northland had a permissible purpose to obtain his credit report to collect on the account. He contends that his complaint properly alleged that Northland violated the FCRA by obtaining his consumer report without either his permission or a permissible purpose. Norman makes no argument on appeal concerning his FDCPA claim, and so it is considered abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

A district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is subject to de novo review. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court is not required to accept as true a legal conclusion presented as a factual allegation. *Twombly*, 550 U.S. at 555. The court may not go outside the complaint, but it may consider documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA. 15 U.S.C.

§§ 1681b(f), 1681n(a).  However, the statute expressly permits distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  § 1681b(a)(3)(A).

The documents submitted by Norman attached to his complaint indicated that Norman's original account with GE Money Bank, now owned by Arrow Financial Services, was placed for collection with Northland, which made an inquiry on his credit report for purposes of collection of the debt.  Norman did not challenge the fact that Northland obtained his credit report for the permissible purpose of debt collection.  In fact, he stated that "the record speaks for itself; the defendant's intention was to pull plaintiff's credit report for collection purposes."  His only argument in the district court was that Northland was not a judgment creditor and that he did not have a direct debtor-creditor relationship with Northland.  Norman now argues that there was no proof that Northland owned the account or that the account met the definition of an account under the FCRA.  Norman does not cite any authority which would require a debt collection agency to "own"the account, nor any authority to suggest why the account would not meet the definition of an account as used in § 1681b(a)(3)(A).  Norman's complaint and the attached exhibits show that Northland's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A).  *See Kennedy*, 369 F.3d at 839 (holding that court may consider attachments to complaint).  Norman has not shown any error in the district court's dismissal of his complaint under Rule 12(b)(6) for failure to state a claim.

In his reply brief, Norman argues for the first time that the district court erred in dismissing his complaint without giving him an opportunity to amend. Norman did not seek to amend his complaint in response to Northland's motion to dismiss, and he did not argue that the district court should have allowed him

to amend his complaint in his original brief.  Even in his reply brief, he does not state what he facts he would have alleged in an amended complaint which would have cured the deficiency in his complaint.  Thus, we do not consider this argument raised for the first time in his reply brief.  *See Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002).  We deny Northland's motion to strike Norman's reply brief, and we grant Northland's motion to file a supplemental reply brief.

AFFIRMED; MOTION TO STRIKE REPLY BRIEF DENIED; MOTION TO FILE SUPPLEMENTAL REPLY BRIEF GRANTED.