# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

Lyle W. Cayce
Clerk

No. 12-10827
Summary Calendar

WAYNE H. NORMAN,

Plaintiff - Appellant

v.

RJM ACQUISITIONS, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1330

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis,* Wayne H. Norman contests the summary judgment awarded RJM Acquisitions, L.L.C., against his claims under 15 U.S.C. §§ 1681 (Fair Credit Reporting Act (FCRA)) and 1692 (Fair Debt Collection Practices Act). He contends: RJM obtained his credit file without a permissible purpose; RJM did not meet its summary-judgment burden, because it provided insufficient evidence of its owning his account (Douglas Greenberg's affidavit); and the district court should have decided whether RJM established,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law, its ownership of his account. RJM maintains Norman, by his own allegations, acknowledged RJM's obtaining his credit information for the purpose of debt collection, a permissible purpose.

A summary judgment is reviewed *de novo*, with all facts and evidence viewed in the light most favorable to the non-movant. *E.g.*, *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To oppose a properly supported summary-judgment motion, the non-movant may not rely merely on its pleadings, but must, in its response, identify specific evidence in the record and articulate how that evidence supports its opposing the motion. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Conclusory allegations or unsubstantiated assertions do not satisfy the non-movant's burden. *Id.*

The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose not authorized by the FCRA. 15 U.S.C. §§ 1681b(f), 1681n(a). It expressly permits, however, distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Norman claimed RJM violated the FCRA by obtaining his credit report without a permissible purpose. However, the documents attached to Norman's complaint show his original account was purchased by RJM, which made an address inquiry on his credit report for purposes of collection of the debt. *E.g., Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004) (court may consider attachments to complaint as part of pleadings). In his pleadings, Norman alleged the record showed RJM's "intention was to pull the credit report for collection purposes", and he provided no evidence to dispute

that, as established by Greenberg's affidavit and by his own allegations, RJM obtained his credit information for the permissible purpose of debt collection.

We affirmed the district court's dismissing Norman's previous FCRA claims in *Norman v. Northland Group, Inc.*, No. 12-10057, 2012 WL 5195965 (5th Cir. Oct. 22, 2012), in which Norman made similar contentions. Norman's appeal is without arguable merit and is frivolous. *E.g., Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Norman is cautioned that future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. He is further cautioned to review any pending appeals to ensure that they do not raise frivolous claims

DISMISSED; SANCTION WARNING ISSUED.