# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

No. 12-60649
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY ROEBUCK,

Plaintiff-Appellant

v.

DOTHAN SECURITY, INCORPORATED; ALAN B. CLARK, President;
JOHN DOES 1-10,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 09-00267

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, proceeding *pro se,* brought the instant suit in diversity, alleging various claims under Mississippi law, including intentional infliction of emotional distress, defamation, and fraudulent termination. The suit stems from Plaintiff-Appellant's employment and termination by the Defendant-Appellee. Plaintiff-Appellant now appeals the district court's dismissal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60649

complaint for failure to state a claim upon which relief can be granted. Finding no error, we AFFIRM.

I.    BACKGROUND

In 2008, Plaintiff-Appellant Rodney Roebuck ("Roebuck") was employed by Defendant-Appellee Dothan Security, Inc. ("DSI") as a field supervisor. DSI terminated his employment on February 26, 2008. On April 28, 2009, Roebuck filed the instant suit against DSI, alleging intentional infliction of emotional distress, termination without cause, and defamation. On June 1, 2009, Roebuck filed an amended complaint in which he added dates to the complaint and modified the claim of termination without cause to fraudulent termination. On September 24, 2009, Roebuck filed a second amended complaint that was almost identical to the first amended complaint except that the dates of the defamation claim had been changed from February through March of 2008 to April through May of 2008.

On November 11, 2009, DSI filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On December 18, 2009, Roebuck filed a motion to quash DSI's motion to dismiss.[1] On January 22, 2010, Roebuck also filed a motion for a court appointed attorney, and DSI opposed the motion. On February 11, 2010, the district court denied Roebuck's motion to quash and his request for appointed counsel. Additionally, the district court directed Roebuck to fully respond to DSI's motion to dismiss. On February 24, 2010, Roebuck filed a response to DSI's motion to dismiss and memorandum in support. On March 2, 2010, DSI filed a rebuttal memorandum in support of its motion to dismiss. On May 18, 2011, the district

---

[1]  In his motion to quash DSI's motion to dismiss, Roebuck also requested that he "be permitted to proceed further or granted 30 days to correct any deficiencies that [may be] present in Plaintiff's Complaint." On appeal, Roebuck does not argue that he was not allowed to correct any deficiencies in his complaint. In any event, the record demonstrates that Roebuck had previously filed two amended complaints.

2

No. 12-60649

court granted DSI's motion and dismissed the complaint for failure to state a claim. On June 27, 2011, Roebuck moved for leave to file a third amended complaint to add the State of Mississippi as a defendant. Ultimately, the district court denied Roebuck's motion to amend and entered final judgment, dismissing Roebuck's claims.[2] Roebuck now appeals.

    II.    ANALYSIS

        A.    Standard of Review

We review de novo a district court's dismissal pursuant to Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citation omitted). In the instant case, Roebuck was proceeding pro se when he filed his complaint. Although pro se complaints are held to less stringent standards than those crafted by attorneys, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation and internal quotation marks omitted).

        B.    Intentional Infliction of Emotional Distress

Roebuck contends that the district court erred in holding that his claim for intentional infliction of emotional distress ("IIED") was barred by the statute of limitations. Under Mississippi law, Roebuck's claim for IIED is subject to a one-year statute of limitations. *Jones v. Fluor Daniel Services Corp.,* 32 So.3d 417,

---

[2] Initially, the district court granted the motion to amend. However, in its final judgment, the court found that it had erroneously granted the motion to amend after the complaint had been dismissed. Thus, the court withdrew and set aside the earlier order.

No. 12-60649

423 (Miss. 2010) (citing MISS. CODE ANN. § 15–1–35). Roebuck does not dispute that the applicable statute of limitations is one year for his IIED claim.

In his second amended complaint, Roebuck alleges that the IIED began in January 2008. He alleged that DSI, "with malice and forethought, committed the tortuous acts of lying, deceiving and intentionally inflicting emotional distress by misleading plaintiff into accepting a field supervisor's position and then giving plaintiff a murderous schedule in a failed attempt to make plaintiff quit." It is undisputed that DSI terminated him in February 2008. Roebuck filed suit in April 2009, which is more than one year from his termination of employment.

Nonetheless, in his brief, Roebuck cites a savings statute in the Mississippi Code that provides as follows:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. . . .

MISS. CODE ANN. § 15-1-59 (REV. 2003). However, Roebuck does not assert in his appellate brief that he was ever actually temporarily incapacitated by a disability that fell within the applicable savings clause. Because Roebuck failed to argue that he had a disability, we need not consider whether the savings clause applies. Roebuck's failure to adequately brief the savings clause issue renders it abandoned on appeal. *Yohey v. Collins*, 985 F.2d 224-25 (5th Cir. 1993).

Even assuming *arguendo* that his claim is not barred by the statute of limitations, we are not persuaded that Roebucks's allegations of DSI's actions were "extreme and outrageous" under Mississippi law. *Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 546 (5th Cir. 1994). "A claim for intentional infliction of emotional distress will not ordinarily lie for mere

employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.,* 797 So.2d 845, 851 (Miss. 2001). Conduct that has been held to constitute IIED includes "a plot by a girlfriend and her parents to hide the child of an unwed father, arranging for the baby to be adopted by strangers while the father pursued a custody suit." *Speed v. Scott*, 787 So.2d 626, 630 (Miss. 2001). On the other hand, conduct that does not rise to the level of IIED includes "such actions as a law firm breaching an employment contract with an attorney, locking him out, refusing him secretarial support and dropping his name from the firm sign." *Id.* Here, Roebuck contends that DSI attempted to force him to quit his job as a security officer by giving him a grueling work schedule. We do not believe that Mississippi courts would hold that Roebuck's allegations rise to the level of extreme and outrageous. Thus, the district court did not err in dismissing this claim under Rule 12(b)(6).

C.     Fraudulent Termination Claim

As previously noted, Roebuck is proceeding pro se, and it is difficult to ascertain his arguments in the remaining portion of his brief. In his statement of the issues, he does reference the issue of whether it was error for the district court to dismiss the fraud claim. In his second amended complaint, Roebuck alleged that DSI "fraudulently terminated plaintiff against settled law as enforced by the Mississippi Department of Employment Security (MDES)." In response, DSI filed a motion to dismiss for failure to state a claim because Mississippi is an at-will employment state and there was no allegation that DSI had an employment contract with Roebuck or that DSI discriminated against him. The district court agreed and dismissed the fraudulent termination claim for failure to state a claim upon which relief could be granted.

"Mississippi adheres to the employment at will doctrine, which states 'absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no

reason at all, excepting only reasons independently declared legally impermissible.'" *Harris v. Mississippi Valley State*, 873 So.2d 970, 986 (Miss. 2004) (quoting *Shaw v. Burchfield*, 481 So.2d 247, 253-54 (Miss. 1985)). "The only exceptions to this general rule are for breach of contract or unlawful intentional acts such as terminating someone on account of his or her race." *Bellum v. PCE Constructors, Inc.*, 407 F.3d 734, 741 (5th Cir. 2005) (citing *Levens v. Campbell*, 733 So.2d 753, 760 (Miss. 1999)).

In his brief on appeal, although Roebuck references DSI's alleged fraudulent actions during the unemployment compensation proceedings, he does not set forth any argument that the district court erred in dismissing his claim of fraudulent termination based on Mississippi's doctrine of at will employment. In fact, it is unclear to us whether Roebuck is raising the fraudulent termination claim on appeal. In any event, Roebuck's failure to adequately brief the issue renders it abandoned on appeal. *Yohey*, 985 F.2d at 224-25. Thus, Roebuck has failed to show that the district court erred in dismissing this claim.

D.     Defamation Claim

In his second amended complaint, Roebuck alleged that, during his unemployment compensation proceedings, DSI "in bad faith maligned, negligently misrepresented, defamed, defrauded and slandered plaintiff extremely and outrageously." In response, DSI argued that Roebuck's defamation claim must be dismissed because individuals testifying during unemployment compensation proceedings before the MDES enjoy an absolute privilege. Additionally, DSI argued that the defamation claim should be dismissed because Roebuck failed to make any specific allegations regarding the alleged defamatory communications. The district court held that the defamation claim was without merit because DSI's communications were absolutely privileged during the unemployment proceedings.

No. 12-60649

With respect to the claim of absolute privilege, the Mississippi Supreme Court has opined the applicable privilege statute provides that "communications between an employer and the Commission are privileged and 'when qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter." *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 608 (Miss. 1993) (quoting *Benson v. Hall*, 339 So.2d 570, 573 (Miss. 1976)). We note that although the statute contains the phrase "absolutely privileged,"[3] it also expressly sets forth exceptions to the privilege. The statute provides privilege to communications made during the unemployment proceedings "unless the same be false in fact and maliciously written, sent, delivered or made for the purpose of causing a denial of benefits under this chapter." § 71-5-131. Here, Roebuck alleged bad faith on the part of DSI in his claim of defamation. Although not in the context of the instant statute, the Mississippi Supreme Court has recognized that malice, bad faith or abuse can overcome the assertion of privilege against a defamation claim. *Eckman v. Cooper Tire & Rubber Co.*, 893 So.2d 1049, 1052 (Miss. 2005). Thus, because Roebuck's complaint alleges DSI's defamation was in bad faith, we are not

---

[3] Section 71-5-131 provides, in full, as follows:

All letters, reports, communications, or any other matters, either oral or written, from the employer or employee to each other or to the department or any of its agents, representatives or employees, which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter shall be absolutely privileged and shall not be made the subject matter or basis of any suit for slander or libel in any court of the State of Mississippi unless the same be false in fact and maliciously written, sent, delivered or made for the purpose of causing a denial of benefits under this chapter.

MISS. CODE ANN. § 71-5-131.

7

persuaded that the district court properly dismissed the defamation claim based solely on DSI's assertion of privilege.

Nonetheless, we are persuaded that Roebuck's claim of defamation was properly dismissed for failure to state a claim. In his complaint, Roebuck asserted that DSI "in bad faith maligned, negligently misrepresented, defamed, defrauded and slandered plaintiff extremely and outrageously." However, as previously set forth, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Roebuck failed to set forth any specific allegations regarding the alleged defamatory communications in his complaint. When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. *See Kennedy v. Chase Manhattan Bank*, 369 F.3d 833, 839 (5th Cir. 2004); *cf. Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) (explaining that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"). Although Roebuck has set forth more specific factual allegations in his brief with respect to his claim of defamation, Roebuck's conclusory allegations in his complaint do not contain sufficient factual matter to survive DSI's motion to dismiss. We thus conclude the district court did not err in dismissing the claim of defamation.

The district court's judgment is AFFIRMED.

AFFIRMED.