# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2024

Lyle W. Cayce
Clerk

No. 24-10339

Eric Ellis,

*Plaintiff—Appellant*,

*versus*

Cargill Meat Solutions; Ultimate Kronos Group,

*Defendants—Appellees*,

—————————————————————

Eric Ellis,

*Plaintiff-Appellant*,

*versus*

Cargill Meat Solutions,

*Defendant—Appellee*.

—————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:22-CV-1020, 4:22-CV-864

—————————————————————

No. 24-10339

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

## I

Eric Lamar Ellis worked for Cargill Meat Solutions ("Cargill") as a Food Safety Quality Representative. He is a gay black man. Ellis alleges that, during his employment, he experienced racially motivated drug testing, slurs, retaliation, and other discrimination on the basis of race and sexual orientation in violation of Title VII. He further alleges that the discrimination caused him to resign.

His employer, Cargill, used software from Ultimate Kronos Group ("UKG") for HR functions including timekeeping and payroll. In December 2021, UKG suffered a ransomware attack that compromised its customers' personal data, including Cargill's data. Ellis alleges this attack caused delays and inaccuracies in his paychecks, and potential disclosure of his personal information.

In September 2022, Ellis filed a complaint against Cargill and UKG in the Northern District of Texas.[1] His claims primarily related to the cybersecurity incident. Then in November, Ellis filed an additional complaint against Cargill that contained his discrimination claims. The district court consolidated the two cases. Ultimately, the suit proceeded based on Ellis's Second Amended Complaint.

The district court first dismissed all but one claim against Cargill and dismissed all claims against UKG. Count V remained—Ellis's claim under

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Ellis is well-known in the Northern District of Texas. *See Ellis v. City of White Settlement*, 22-CV-1028-P, 2 n.2 (N.D. Tex. Sep. 5, 2023) (listing eight other suits by Ellis and citing a district court order describing him as a "vexatious litigant").

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Cargill's alleged overtime violations. *Id.* It then dismissed Count V and Ellis's entire case with prejudice in a final order.[2]

## II

We begin, as always, with jurisdiction. And we have it under 28 U.S.C. § 1291.

Appellants must "designate the judgment—or the appealable order—from which the appeal is taken." FED. R. APP. P. 3(c)(1)(B). But "we generously interpret the scope of the appeal, and require a showing of prejudice to preclude review of issues fairly inferred from the notice and subsequent filings." *Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010) (quotations omitted). We offer additional solicitude to *pro se* plaintiffs like Ellis. *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023).

In his notice of appeal, Ellis identified two orders that he intended to appeal: the district court's October 2023 and March 2024 dismissals. But his briefing includes claims arising from two additional orders. These orders appear fairly inferred from Ellis's notice of appeal. And the various orders merged into the district court's final judgment. *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983). So our jurisdiction is proper.

## III

We review *de novo* the district court's grant of a motion to dismiss under Rules 12(b)(6) and 12(b)(1). *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020); *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). We review

---

[2] The district court initially dismissed without prejudice Ellis's Title VII claims against Cargill and all his claims against UKG in an October 2023 order. The district court then dismissed his FLSA claims with prejudice in a March 2024 order.

the district court's decision to consolidate for abuse of discretion. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013).

A

The district court did not err in dismissing Ellis's Title VII claims for failure to state a claim. To make a *prima facie* case of discrimination under Title VII, Ellis was required to show that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Ellis's allegations are conclusory at best. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). That requires allegations of fact which "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ellis makes none.

Start with racial discrimination. Ellis alleges that he experienced harassment "by repetitive use of racial slurs" and retaliation on the basis of race. But his complaint does not say who used these slurs, what was said, or when any harassment occurred. Such "naked assertions" do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quotation omitted).

Likewise with sexual-orientation discrimination. Ellis alleges extra reprimands and discipline compared to heterosexual employees, demeaning remarks, and airing of heterosexual sex scenes in movies and television in Cargill's break rooms. But he does not describe a single event or explain *how* the events rose to the level of actionable discrimination. The facts alleged do

not support "more than the mere possibility of misconduct," so this claim was properly dismissed. *Iqbal*, 556 U.S. at 679.[3]

B

The district court also properly dismissed Ellis's FLSA claims for lack of subject matter jurisdiction. Cargill's unconditional tender of maximum compensation under the FLSA mooted his claims. *See United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) ("A case that becomes moot at any point during the proceedings is . . . outside the jurisdiction of the federal courts.") (quotation omitted).

Ellis alleges the ransomware attack on UKG's timekeeping product resulted in Cargill incorrectly calculating his entitlement to overtime. He thus sought damages under the FLSA, which entitles affected employees to damages in the amount of the unpaid wages and an equal amount as liquidated damages. 29 U.S.C. § 216(b). The section also entitles employees who bring FLSA claims to costs and attorneys' fees. *Id.*

Cargill's subsequent compensation moots Ellis's FLSA claims. After the ransomware attack, Cargill engaged in a "reconciliation process" with affected employees, including Ellis, to calculate compensation for hours worked during the outage. Ellis's calculated overtime wages totaled $549.46, which he was paid after the reconciliation. Cargill also made an unconditional

---

[3] The district court did not address Ellis's claims that he "was forced to resign after being placed on an indefinite unpaid suspension." He did not make these claims in his Second Amended Complaint, and the district court may only consider material in the complaint. *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013); *see also Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

No. 24-10339

tender to Ellis for the equivalent amount. This represented the total amount of damages recoverable by Ellis under the FLSA.[4]

Where an employer's compensation makes an FLSA plaintiff whole, his claim is moot. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) ("In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot . . . ."). Ellis insists the amount of damages "has always been disputed." But when ordered to show cause why his case is not moot, Ellis merely repeated that he disputed the amount and argued that Cargill's tender did not moot his case because he has not accepted it by cashing the check. Such conclusory allegations do not establish an ongoing controversy. *See Cantu Silva v. United States*, 110 F.4th 782, 787 (5th Cir. 2024) ("The party asserting jurisdiction bears the burden of proving its existence."). And Ellis's purported refusal of the tender has no import: Cargill rendered a direct payment with no conditions, surrendering its own claims to the money. Ellis therefore has no "personal stake in the outcome of the action." *Genesis Healthcare*, 569 U.S. at 71.

## C

We also cannot conclude that the district court abused its discretion in consolidating Ellis's cases. A district court may consolidate multiple cases that "involve common questions of law and fact" if "the district judge finds that consolidation would avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). "The trial court's managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Fla. Everglades on Dec. 29,*

---

[4] Ellis is proceeding as a *pro se* plaintiff *in forma pauperis*, so he has incurred no costs or attorney's fees.

*1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). The district court found that "the docket of this action [was] in disrepair" as Ellis maintained two active cases and multiple complaints, all concerning his employment with Cargill. The district court also determined that consolidating the actions promoted "the interests of avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness." And the consolidation did not prejudice Ellis, as the district court ably and timely handled his claims. *See id.* at 1013 n.9.

D

Finally, the district court properly dismissed Ellis's privacy claims against UKG for lack of standing. Article III requires that a "plaintiff must have suffered an injury in fact, that is fairly traceable to the challenged conduct of the defendant, and that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Ellis fails at the first hurdle.

Ellis's injuries are too speculative to support standing. He makes no allegation that any hacker, identity thief, or third party accessed his data. An injury in fact based on the risk of future harm must be "certainly impending" rather than "speculative." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 401 (2013). "If the risk of future harm materializes . . . the harm itself, and not the pre-existing risk, will constitute a basis for the person's injury and for damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021). But Ellis only alleges the UKG cyberattack placed him at "continued risk of exposure to hackers and thieves of his" personally identifying information and subjected him to "potential fraud and identity theft." He does not allege that risk has materialized. While his complaint references "fraudulent activities" and "unauthorized charges" due to the ransomware attack, he alleges no

underlying facts to support these allegations. Thus, Ellis fails to carry his burden here, too. *See Cantu Silva*, 110 F.4th at 787.

\* \* \*

AFFIRMED.